

JP

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLAVNIA

| | | |
|---|---|---|
| RODNIE JAMISON<br>5735 W. Jefferson Street<br>Philadelphia, PA 19131<br>Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | |
| AVIS BUDGET CAR RENTAL, LLC<br>c/o Corporation Service Company<br>2595 Interstate Drive Suite 103<br>Harrisburg, PA 17110<br>Defendant. | : | NO. 19 2202<br><br>**JURY TRIAL DEMANDED** |

FILED
MAY 21 2019
KATE BARKMAN, Clerk
By JC Dep. Clerk

**NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441**

Defendant, Avis Rent A Car System, LLC (misnamed, in part, above "Avis Budget Car Rental LLC"), by and through counsel, Jay L. Edelstein, Esquire, hereby submits notice to the United States District Court for the Eastern District of Pennsylvania for the removal of the above-entitled action to this Court and, in support thereof, respectfully represents:

1. Defendant, properly named, Avis Rent A Car System, LLC, is a limited liability company organized and existing under the laws of the state of Delaware, having its principal place of business located in the state of New Jersey.

2. Upon information, knowledge and belief, Plaintiff, Rodnie Jamison, is an adult individual and is a citizen and resident of the Commonwealth of Pennsylvania, residing at 5735 W. Jefferson Street, Philadelphia, PA 19131.

3. On or about February 14, 2018, Plaintiff instituted the above action, by way of Complaint, a copy of which is attached hereto as Exhibit "A," in the Pennsylvania Court of Common Pleas, Philadelphia County, as of February Term, 2019; No. 01238, seeking damages against Defendant for injuries Plaintiff purportedly sustained in a motor vehicle accident

allegedly occurring on November 9, 2017 at Defendant's place of business located at 1 Arrivals Road in Philadelphia, PA.

4. In the Complaint, Plaintiff generally alleges his injuries include "aggravation of multi-level cervical disc protrusions, cervical radiculopathy, cervical sprains and strains, multi-level lumbar disc bulges, lumbar radiculopathy, lumbar sprains and strains and other ills and injuries." (Exhibit "A," ¶ 8)

5. In his Complaint, Plaintiff seeks damages "in excess of Fifty Thousand ($50,000.00) dollars, plus all reasonable attorney's fees, costs, and any other relief the court deems necessary." (Complaint, *ad damnum clause*).

6. Upon information, knowledge and belief, Defendant has not yet been served with Plaintiff's Complaint in conformance with the Pennsylvania Rules of Civil Procedure.

7. On May 15, 2019, the parties attended a case management conference at which Plaintiff furnished a case management conference memorandum, a copy is attached hereto as Exhibit "B," wherein Plaintiff, for the first time, tendered a settlement demand of $120,000.00

8. Diversity of citizenship exists between Plaintiff, a citizen, resident and domiciliary of the Commonwealth of Pennsylvania and Defendant, a limited liability company organized and existing under the laws of state of Delaware and having its principle place of business in the state of New Jersey.

9. The said diversity of citizenship existed at the time the action sought to be removed was commenced and continues to the time of the filing of this notice of removal. Therefore, as to said claim and cause of action, Defendant is entitled to removal pursuant to 28 U.S.C. § 1441, et seq.

10. When Plaintiff's Complaint was filed, Defendant could not ascertain the amount in controversy exceeded $75,000.00 because the Complaint merely recited boilerplate allegations of apparently serious injuries and sought damages in excess of $50,000.00. See, e.g., Alston v. Wal-Mart Stores E., L.P., No. CIV.A. 12-3491, 2012 WL 4321973, at *1 (holding allegations of "fracture of the left ankle, cervical sprain and strain, left shoulder strain and sprain, thoracic strain and sprain, lumbar strain and sprain" were insufficient for the defendant to determine the claim was reasonably valued in excess of $75,000.00); Bishop v. Sam's East, Inc., No. 08-4550, 2009 WL 1795316, at *3-4 (E.D. Pa. Jun. 23, 2009) (holding that where complaint recites boilerplate allegations of apparently serious injuries, *ad damnum* clause seeking damages "in excess of $50,000" did not put defendant on notice of an amount in controversy exceeding $75,000 (citing Brown v. Modell's PA II, Inc., No. 08-1528, 2008 WL 2600253, at *2 (E.D. Pa. July 1, 2008))).

11. Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

12. This Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days after receipt by Defendant of Plaintiff's Case Management Conference Memorandum tendering a settlement demand of $120,000.00.

WHEREFORE, the above action now pending against Defendant in the Pennsylvania Court of Common Pleas, Philadelphia County is removed therefrom to this Honorable Court.

Respectfully submitted,

**EDELSTEIN LAW, LLP**

Date: May 21, 2019

By: ______________________

JAY E. EDELSTEIN, ESQUIRE
Identification No. 30227
230 S. Broad Street, Suite 900
Philadelphia, PA 19102
(215) 893-9311

Attorney for Defendant,
Avis Rent A Car System, LLC

# Exhibit A

**SPEAR, GREENFIELD, RICHMAN, WEITZ & TAGGART P.C.**
BY: MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 62081
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 985-2424

Filed and Attested by the Office of Judicial Records 14 FEB 2019 01:09 pm

**MAJOR JURY**

Attorney for plaintiff

**RODNIE JAMISON**
5735 W. Jefferson Street
Philadelphia, PA 19131

v.

**AVIS BUDGET CAR RENTAL, LLC**
c/o Corporation Service Company
2595 Interstate Drive Suite 103
Harrisburg, PA 17110

COURT OF COMMON PLEAS
COUNTY OF PHILADELPHIA
CIVIL TRIAL DIVISION

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.
PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono. (215) 238-6333
TTY: (215) 451-6197

**COMPLAINT IN PERSONAL INJURY**
**2V MOTOR VEHICLE ACCIDENT**

1. Plaintiff, Rodnie Jamison is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Avis Budget Car Rental, LLC, is a business entity, doing business in the Commonwealth of Pennsylvania with an office address listed in the caption of this Complaint, who at all times material hereto was legally responsible for the proper function, maintenance, care and control of all security gates, signals, signs and/or markers at intersections and any and/or all applicable streets and pertinent locations at 1 Arrivals Road, Philadelphia, PA.

3. On or about November 9, 2017, plaintiff, Rodnie Jamison, owned and operated a motor vehicle at or near 1 Arrivals Road, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

4. Suddenly and without warning defendant, Avis Budget Car Rental, LLC, negligently and/or carelessly operated a mechanical security gate, which struck the undercarriage of plaintiff's vehicle, causing injury.

5. As a result of this accident, plaintiff suffered severe and permanent bodily injuries as more fully set forth below.

**COUNT I**
**Rodnie Jamison v. Avis Budget Car Rental, LLC**
**Personal Injury**

6. Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

7. The negligence, carelessness and/or recklessness of defendant, acting individually and/or by and through its agents, servants, workmen, or employees, consisted of the following:

a. Disregarding malfunctioning security gates, signals, signs and/or markers;

b. Failing to have proper knowledge of malfunctioning traffic lights, signals, signs and/or markers;

c. Failing to fix and/or maintain all security gates, signals, signs and/or markers;

d. Allowing the malfunctioning security gates, signals, signs and/or markers to pose a danger to plaintiff;

e. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

f. Failing to give plaintiff meaningful warning signs concerning the malfunctioning security gates, signals, signs and/or markers;

g. Failing to be highly vigilant and maintain sufficient maintenance of said security gates, signals, signs and/or markers;

h. In other respects that may be pointed out at time of trial.

8. As a direct result of the negligent, careless and/or reckless conduct of defendant, plaintiff, suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, including, but not limited to: multi-level cervical disc protrusions, cervical radiculopathy, cervical sprains and strains, multi-level lumbar disc bulges, lumbar radiculopathy, lumbar sprains and strains and other ills and injuries, all to plaintiff's great loss and detriment.

9. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may

in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

10. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

11. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

12. Furthermore, in addition to all the injuries and losses suffered, the plaintiff, has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which Plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT II**
**Rodnie Jamison v. Avis Budget Car Rental, LLC**
**Property Damage**

13. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

14. As a result of defendant's negligence and/or carelessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE,** plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**SPEAR, GREENFIELD, RICHMAN, WEITZ & TAGGART P.C.**

**BY:MARC F. GREENFIELD, ESQUIRE**

**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND/OR WAS EFFECTUATED.**

ejc

VERIFICATION

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

# Exhibit B

| RODNIE JAMISON<br>v.<br>AVIS BUDGET CAR RENTAL, LLC | COURT OF COMMON PLEAS<br>COUNTY OF PHILADELPHIA<br>CIVIL TRIAL DIVISION<br><br>FEBRUARY TERM, 2019<br>No. 01238 |
|---|---|

## Case Management Conference Memorandum
## Part A
*(to be completed in personal injury cases)*

Filing Party: **Plaintiff** By: **Marc F. Greenfield, Esquire**

Counsels' address and telephone number: **Two Penn Center Plaza, Suite 200**
**1500 JFK Boulevard**
**Philadelphia, PA 19102**
**(215) 985-2424**

1. **Date of accident or occurrence:** 11/09/2017

1.(a) **Age of Plaintiff(s):** 55 (at the time of accident) 12/25/1961

2. **Most serious injuries sustained:**

Multilevel cervical disc protrusions (MRI), lumbar disc bulging at L3-4 and L4-5 (MRI), cervical radiculopathy, lumbar radiculopathy, cervical sprains and strain, lumbar sprains and strains

3. **Is there any permanent injury claimed?** [X] Yes [ ] No
**If yes, indicate the type of permanent injury.**

Multilevel cervical disc protrusions (MRI), lumbar disc bulging at L3-4 and L4-5 (MRI)

4. **Dates of medical treatment:** at least 11/09/2017 to 04/18/2018

5. **Is medical treatment continuing?** [] Yes [X] No

6. **Has there been an inpatient hospitalization?** [] Yes [X] No

7. **Has there been any surgery?** [] Yes [X] No

8. **Approximate medical bills to date:** at least $12,000.00

9. **Are there any existing liens** (Workers Compensation, DPW, Medical, etc.)? [X]Yes [] No
DPW: No claim Medicare: Response pending

10. **Time lost from work**: Plaintiff is currently investigating a potential wage loss claim.

11. **Approximate past lost wages**: Plaintiff is currently investigating a potential wage loss claim.

12. **Approximate future lost earning capacity**: N/A

13. **Are there any related cases or claims pending?** [] Yes [X] No

14. **Do you anticipate joining additional parties?** [] Yes [X] No

15. **Plaintiff's factual position as to liability**:

Plaintiff was at the entrance of Defendant's parking lot when a steel security post suddenly rose up under Plaintiff's vehicle, striking the bottom of Plaintiff's vehicle and causing injury to Plaintiff.

16. **Defense factual position as to liability**: See Defendant(s) Memorandum

17. **Defense position as to causation of injuries alleged**: See Defendant(s) Memorandum

18. **Identify all applicable insurance coverage**:

| Defendant | Insurance Carrier | Coverage Limits |
|---|---|---|
| See Defendant's Memorandum | | |

**Are there issues as to the applicability of the above insurance coverage**: [ ] Yes [X] No

19. **Demand**: $120,000.00 **Offer**: $ None



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLAVNIA

| | | |
|---|---|---|
| RODNIE JAMISON<br>5735 W. Jefferson Street<br>Philadelphia, PA 19131<br>Plaintiff,<br><br>v.<br>AVIS BUDGET CAR RENTAL, LLC<br>c/o Corporation Service Company<br>2595 Interstate Drive Suite 103<br>Harrisburg, PA 17110<br>Defendant. | : | CIVIL ACTION NO.<br><br>19 2202<br>NO.<br><br>**JURY TRIAL DEMANDED** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal was served upon the following by U.S. First Class Mail on the date indicated below

Neil Gallagher, Esquire
Spear, Greenfield, Richman, Weitz & Taggart, PC
Two Penn Center Plaza, Suite 200
1500 JFK Boulevard
Philadelphia, PA 19102

**EDELSTEIN LAW, LLP**

Date: May 21, 2019

By: ______________________
JAY L. EDELSTEIN, ESQUIRE
Identification No. 30227
230 S. Broad Street, Suite 900
Philadelphia, PA 19102
(215) 893-9311

Attorney for Defendant,
Avis Rent A Car System, LLC

FILED
MAY 21 2019
KATE BARKMAN, Clerk
By ____ Dep. Clerk

MAY 21 2019

COMMONWEALTH OF PENNSYLVANIA )
) S.S.
COUNTY OF PHILADELPHIA )

**AFFIDAVIT**

JAY L. EDELSTEIN, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for Defendant, Avis Rent A Car System, LLC (misnamed above, Avis Budget Car Rental, LLC); that he has read the foregoing Notice and knows the contents thereof; that, he is authorized to make this Affidavit on behalf of Defendant, Avis Rent A Car System, LLC and the facts alleged in the Notice are true and correct to the best of his knowledge, information and belief.

JAY L. EDELSTEIN, ESQUIRE

Sworn To and Subscribed
Before Me this 21st Day of
May, 2019

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PATRICIA A. MIRAGLIA, Notary Public
City of Philadelphia, Phila. County
My Commission Expires February 28, 2021